**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ANGELA LITTLEJOHN and SAS STEIN, on behalf of themselves and all similarly situated employees, | : :  Case No. : |
| Plaintiffs, | : : |
| v. | : : |
| SUNSHINE RESTAURANT MERGER SUB, LLC and SUNSHINE RESTAURANT PARTNERS, LLC, together d/b/a IHOP, | : : : : |
| Defendants. | : : |

Plaintiffs Angela Littlejohn and Sas Stein (collectively, "Plaintiffs"), on behalf of themselves and all those similarly situated, allege the following claims against Defendants Sunshine Restaurant Merger Sub, LLC, and Sunshine Restaurant Partners, LLC, together d/b/a/ IHOP ("SRP" or "Defendants"):

## SUMMARY OF CLAIMS

1. According to its website, SRP operates "over 150 restaurants in Florida and 4 restaurants in southern Georgia." *See* http://www.ihopsrp.com/faq.php, last accessed on April 25, 2017.

2. SRP employs exempt-classified Assistant Managers ("AMs") and Managers in Training ("MITs") at its restaurants. MITs include all employees participating in Defendants' management training program, regardless of the specific position the employee assumed after training.

3. SRP unlawfully classifies all of its AMs and MITs as exempt from the minimum wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

("FLSA"), despite the fact that they should be classified as non-exempt employees. SRP cannot satisfy its burden of showing that AMs and MITs fit within any one of the narrow exemptions to the FLSA. Accordingly, AMs and MITs are entitled to overtime pay for all overtime hours worked, as well as additional remedies available under the FLSA.

4.  SRP classifies AMs and MITs as exempt despite the fact that it requires them to perform non-exempt duties as their primary duties

5.  Based upon this unlawful exempt classification, SRP has willfully refused to pay AMs and MITs, including Plaintiffs, required overtime compensation for all hours worked in excess of 40 in a workweek.

6.  SRP's practices violate the FLSA. Plaintiffs seek declaratory relief; overtime compensation for all overtime work required, suffered, or permitted by SRP; liquidated and/or other damages and penalties as permitted by applicable law; benefits recoverable under applicable law; interest; and attorneys' fees and costs.

## SUMMARY OF COLLECTIVE ACTION ALLEGATIONS

7.  Plaintiffs seek to recover unpaid overtime compensation in connection with their employment with Defendants as exempt restaurant-level managers. Specifically, Plaintiffs seek the recovery of unpaid overtime compensation pursuant to the FLSA on behalf of (1) a collective comprising all similarly situated current and former AMs, and (2) a collective comprising all similarly situated participants in Defendants' Manager in Training program (MITs), who were improperly classified as exempt by Defendants at any time during the applicable limitations period prior to the filing of the Complaint through the date of the final disposition of this action.[1]

---

[1] Prior to the filing of the Complaint, Plaintiffs attempted to pursue individual arbitrations through the American Arbitration Association ("AAA") pursuant to the parties' arbitration agreements. However, after several reminders and extensions from the AAA, Defendants refused to pay the applicable filing fees and the arbitrations stalled. Defendants' actions are not

## THE PARTIES

### *Plaintiff Angela Littlejohn*

8.      Plaintiff Angela Littlejohn is an adult individual who is a resident of Cape Coral, Florida.

9.      Littlejohn was employed by Defendants as an AM at its Fort Myers, Florida restaurant from approximately November 2013 until August 1, 2014.[2]

10.     Defendants paid Littlejohn an annual salary of approximately $36,000 per year, including during her initial training to become an AM.

11.     Pursuant to Defendant's policy, pattern, and/or practice, Littlejohn typically worked between 50 and 55 hours per workweek as an AM, but was not paid premium overtime compensation for the hours she worked in excess of 40 each week.   In addition, SRP requires AMs, including Littlejohn, to work a minimum of 72 hours per week during SRP's initial four-week training course.   During this time, they are classified by Defendants as exempt from overtime.

12.     At all times relevant hereto, Plaintiff was a covered employee within the meaning of the FLSA.

13.     A written consent form for Littlejohn, pursuant to which she agrees to assert her claims against Defendants, is attached hereto as Exhibit A.

### *Plaintiff Sas Stein*

---

consistent with intent to arbitrate these claims.   Plaintiffs' claims and those of the putative collective(s) are prejudiced by the Defendants' refusal to satisfy its arbitration obligations. Plaintiffs have therefore commenced the instant action to remedy Defendants' unlawful conduct and failure to proceed with arbitration in violation of the parties' arbitration agreements. Plaintiffs' claims should be tolled from March 21, 2017, the date they filed their arbitrations with the AAA.

[2] This period of time includes her initial four-week training and subsequent in-store training under the supervision of an experienced GM.

14.     Plaintiff Sas Stein is an adult individual who is a resident of West Palm Beach, Florida.

15.     Stein was employed by Defendants and participated in Defendants' training program as an MIT at its Stuart, Miami, and Lake Worth, Florida restaurants from approximately October 2015 until January 31, 2016.[3]

16.     In addition, during the approximately last two weeks of her employment with Defendants in or around February, 2016, Plaintiff held the position of AM and worked in SRP's Pompano Beach, Florida restaurant.

17.     Defendants paid Plaintiff an annual salary of approximately $50,000 per year as a MIT, and approximately $40,000 per year as an AM.

18.     Pursuant to Defendant's policy, pattern, and/or practice, as a both an AM and MIT Stein typically worked between 50 and 55 per hours in a workweek, but was not paid premium overtime compensation for the hours she worked in excess of 40 each week.

19.     At all times relevant hereto, Plaintiff was a covered employee within the meaning of the FLSA.

20.     A written consent form for Stein, pursuant to which she agrees to assert her claims against Defendants, is attached hereto as Exhibit B.

***Defendants***

21.     Defendant Sunshine Restaurant Merger Sub, LLC is a privately held company, organized and existing under the laws of Delaware, with its corporate headquarters in Sunrise, Florida.  Defendant Sunshine Restaurant Partners, LLC is an affiliate of Sunshine Restaurant Merger Sub, LLC with its principle place of business in Sunrise, Florida.

---

[3] This period of time includes her initial training course and subsequent in-store training under the supervision of an experienced GM.

22.     Defendants conduct business in the United States and throughout this District.

23.     Defendants jointly employed Plaintiffs and all other AMs and MITs and controlled and directed the terms of their employment and/or compensation of Plaintiffs.

24.     SRP is a covered employer within the meaning of the FLSA and, at all relevant times, employed Plaintiffs and other AMs and MITs within the meaning of the FLSA.

25.     Defendants jointly had substantial control over Plaintiffs' and other AMs' and MITs' working conditions and the unlawful policies and practices alleged herein.

26.     At all relevant times, Defendants jointly maintained control, oversight and direction over Plaintiffs and other AMs and MITs, including training, timekeeping, payroll and other employment practices that applied to them.

27.     Defendants apply the same employment policies, practices, and procedures to all AMs and MITs.

28.     At all relevant times, SRP's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION

29.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the FLSA.

30.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

31.     The United States District Court for Southern District of Florida has personal jurisdiction over Defendants as they are headquartered and do business in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

32.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

**COMMON FACTUAL ALLEGATIONS**

33.     SRP is a franchisee operating more than 150 IHOP-branded restaurants in Florida and southern Georgia.  To minimize labor costs, SRP staffs its stores leanly and strictly manages hours worked by non-exempt, hourly employees to avoid paying them overtime.  To compensate for this approach, SRP relies heavily on its salaried managers (including Plaintiffs) to perform non-exempt duties at its restaurants when there are not enough hourly employees to properly do so.  As a result, SRP's salaried managers, including Plaintiffs, regularly work in excess of forty hours per workweek, and frequently work ten or more hours a day.

34.     Although they are labeled as "managers," AMs and MITs are not responsible for true management functions.  To the contrary, AMs and MITs spend the vast majority of their time performing the same work as the hourly employees, including food preparation, inventory, cleaning the restaurant, waiting tables, ringing sales and general customer service.  In addition to these functions, MITs are tested on their knowledge and performance, and spend 2 to 3 hours a day studying training materials.

35.     The primary duties of AMs and MITs do not fall within any of the exemptions to the federal overtime laws.

36.     The primary duties of the AM and MIT positions do not vary among SRP's restaurants.

37.     Throughout the relevant period, SRP's policy across its restaurants has been to uniformly classify AMs and MITs, including Plaintiffs, as exempt from federal and state overtime provisions and not pay AMs and MITs any overtime wages.

38.     SRP regularly required Plaintiffs to work in excess of 40 hours per workweek.[4]

39.     By the conduct described herein, Defendants have violated the FLSA by failing to pay AMs and MITs, including Plaintiffs, the overtime wages they have earned and to which they are entitled by law.

40.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former (1) AMs and (2) MITs of Defendants who elect to opt-in to this action pursuant to the FLSA and, specifically, the collective action provisions of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

41.     Throughout their employment with Defendant, Plaintiffs and other AMs and MITs regularly worked in excess of 40 hours per week.

42.     Defendants were aware that Plaintiffs worked more than 40 hours per workweek, yet SRP failed to pay them overtime compensation for any of the hours worked over 40 in a workweek.

43.     SRP failed to keep accurate records of the hours that Plaintiffs and other AMs and MITs worked.

44.     The primary duties of Plaintiffs and other AMs and MITs were non-exempt in nature.  They performed the same duties as the hourly employees they worked alongside (and who were entitled to overtime), such as food preparation, inventory, cleaning the restaurant, waiting tables and general customer service.[5]  MITs were also subjected to testing and expected to spend 2 to 3 hours a day doing homework.

_____

[4] On information and belief, Defendants' four-week management training program lasts 24 days during which trainees work 10 hours per day, 6 days per week.  In addition, Defendant expects trainees to spend 2-3 hours per day on "homework."
[5] During their training course, MITs perform no exempt duties.

45.     Plaintiffs and other AMs and MITs were closely supervised by their General Managers ("GMs"), Area Managers and corporate employees, and through SRP's corporate policies and procedures that defined and circumscribed their work.  Accordingly, Plaintiffs and other AMs and MITs were not responsible for the overall performance of the restaurants, or for coaching, evaluating, and disciplining store employees, as is the hallmark of true managers.

46.     Plaintiffs and other AMs and MITs did not have authority to hire or fire restaurant employees, nor did they have any input into who was hired and fired.

47.     All of the work that Plaintiffs and other AMs and MITs performed was assigned by SRP and/or SRP has been aware of all of the work that Plaintiffs and other AMs and MITs performed.

48.     Upon information and belief, SRP's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA wage and hour laws.  SRP knew or recklessly disregarded the fact that underfunding store labor budgets resulted in Plaintiffs and other AMs and MITs working more than 40 hours in a workweek without receiving any additional overtime compensation.  This allowed SRP to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

49.     SRP's mandatory minimum of approximately 72 hours per week while all MITs complete uniform and mandatory training further demonstrates its knowing and reckless disregard of the overtime requirements of the FLSA.

50.     By the conduct described herein, SRP has willfully violated the FLSA by misclassifying Plaintiffs and other AMs and MITs as exempt from the FLSA and failing to pay them the overtime wages they have earned and to which they are entitled by law.

51.     SRP was aware, or should have been aware, that federal wage and hour laws required them to pay Plaintiffs and other AMs and MITs overtime compensation for hours worked in excess of 40 per week.

52.     SRP was aware, or should have been aware, that Plaintiffs' and other AMs and MITs primary duties were food preparation, inventory, cleaning the restaurant, waiting tables and general customer service, and that these duties do not fall within any overtime exemption under the FLSA.

53.     SRP was aware that Plaintiffs and other AMs and MITs performed no exempt duties during training.

54.     SRP's failure to pay Plaintiffs and other AMs and MITs overtime was willful. SRP's unlawful conduct has been widespread, repeated, and consistent.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

55.     Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendants as AMs at any SRP restaurant in Florida and/or Georgia, on or after March 21, 2014, who elect to opt-in to this action (the "FLSA AM Collective").

56.     Plaintiff Stein also brings the Second Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Defendants as an MIT at any SRP restaurant in Florida and/or Georgia, on or after March 21, 2014, who elect to opt-in to this action (the "FLSA MIT Collective").

57.     All of the work that Plaintiffs, the FLSA AM Collective and FLSA MIT Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs, the FLSA AM Collective and FLSA MIT Collective have performed.

58.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs, the FLSA AM Collective and the FLSA MIT Collective.  This policy and pattern or practice includes, but is not limited to:

(a)     willfully failing to pay Plaintiffs and the members of the FLSA AM Collective and/or the FLSA MIT Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

(b)     willfully misclassifying Plaintiffs and the members of the FLSA AM Collective and/or the FLSA MIT Collective as exempt from the protections of the FLSA;

(c)     willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA AM Collective and/or the FLSA MIT Collective, have worked for the benefit of Defendants;

(d)     Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA AM Collective and/or FLSA MIT Collective, an overtime premium for hours worked in excess of 40 per workweek; and

(e)     Plaintiffs and the FLSA AM Collective and/or FLSA MIT Collective all perform or performed the same primary duties.

59.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (On behalf of Plaintiffs and the FLSA AM Collective)

60.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

61.     SRP has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

62.     At all relevant times, Plaintiffs and other similarly situated current and former AMs and MITs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

63. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

64. SRP is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

65. SRP failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

66. SRP's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. SRP failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and other similarly situated current and former employees.

67. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

68. As a result of SRP's willful violations of the FLSA, Plaintiffs and other similarly situated current and former employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

69. As a result of SRP's unlawful acts, Plaintiffs and all other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (On behalf of Plaintiff Stein and the FLSA MIT Collective)

70. Plaintiff Stein realleges and incorporates by reference all allegations in all preceding paragraphs.

71.     SRP has engaged in a widespread pattern and practice of violating the FLSA during the GMs training period, as described in this Collective Action Complaint.

72.     During their training period, Defendants failed to pay Plaintiff Stein and other similarly situated current and former employees the overtime wages to which they were entitled to under the FLSA.

73.     SRP's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.  SRP failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff Stein and other similarly situated current and former employees.

74.     Because Defendants' violations of the FLSA with respect to the FLSA MIT Collective have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

75.     As a result of SRP's willful violations of the FLSA, Plaintiffs and other similarly situated current and former employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

76.     As a result SRP's unlawful acts, Plaintiffs and all other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.      That, at the earlier possible time, Plaintiffs be allowed to give notices of this collective action, or that the Court issue such notice, to the Collective Members.  Such notices should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.      Unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Pre-judgment interest and post-judgment interest as provided by law;

D.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

E.      A reasonable incentive award for Plaintiffs to compensate them for their time and effort spent protecting the interests of other AMs and MITs, and the risks they have undertaken;

F.      Attorneys' fees and costs of the action; and

G.      Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: Boca Raton, Florida
          April 25, 2017                                    Respectfully submitted,


                                                    **/s/ Gregg I Shavitz**
                                                    Gregg I. Shavitz, Esq.
                                                    E-mail: gshavitz@shavitzlaw.com
                                                    Florida Bar No. 11398
                                                    Alan L. Quiles, Esq.
                                                    E-Mail:  aquiles@shavitzlaw.com
                                                    Florida Bar No. 62431
                                                    **SHAVITZ LAW GROUP, P.A.**
                                                    1515 S. Federal Hwy., Suite 404

Boca Raton, Florida 33432
Telephone: 561-447-8888
Facsimile:  561-447-8831

***Attorneys for Plaintiffs***

# Exhibit A

## CONSENT TO JOIN FORM

      1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), **Sunshine Restaurant Partners d/b/a IHOP** , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

*Angela Littlejohn*

4F864FDD8BB6496...

Signature

Angela Littlejohn

Print Name

# Exhibit B

DocuSign Envelope ID: 49FA92C4-1B02-4A8E-8437-2CAA8823F44F

# CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), **Sunshine Restaurant Partners d/b/a IHOP** , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

*Sas Stein*

Signature

Sas Stein

Print Name