# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANGELA LITTLEJOHN and SAS STEIN, on behalf of themselves and all similarly situated employees,<br><br>       Plaintiffs,<br><br>   v.<br><br>SUNSHINE RESTAURANT MERGER SUB, LLC and SUNSHINE RESTAURANT PARTNERS, LLC, together d/b/a IHOP,<br><br>       Defendant. | Case No. 0:17-cv-60810-BLOOM/Valle |

## DECLARATION OF CLAUDIA RODRIGUEZ

I, Claudia Rodriguez, pursuant to 28 U.S.C. § 1746, state as follows:

1.      I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could testify competently to them.

2.      I hold the position of Vice President of Human Resources for Sunshine Restaurant Partners ("SRP").  I have held this position since 2007.

3.      SRP operates more than 150 IHOP restaurants in Florida and Southern Georgia.

4.      In April 2014, SRP first introduced to current employees a process for using arbitration instead of litigation to resolve employment disputes.  As part of that process, SRP introduced a Dispute Resolution Policy and Procedure, which included an agreement to arbitrate ("Arbitration Agreement").

5.      After being introduced to current employees in April 2014, the Arbitration Agreement was provided to and executed by individuals at the outset of employment.

6.      A true and correct copy of the Arbitration Agreement introduced to current employees in April 2014 and, thereafter, provided to individuals at the outset of employment is attached as Exhibit A.

7.      Under the Arbitration Agreement, SRP and its employees each waived their right to pursue employment related disputes, including claims under the FLSA, in court, agreeing instead to submit such disputes to binding arbitration consistent with the rules and procedures of the AAA.  The Arbitration Agreement states in relevant part:

### DISPUTE RESOLUTION POLICY AND PROCEDURE

#### Agreement to Use Procedure

As an expeditious and economical way to settle employment disputes without the need to go through the courts, Sunshine Restaurant Merger Sub, LLC. (together with its affiliates, subsidiaries or parent corporations or entities, and their successors and assigns) (hereinafter referred to collectively as "the Company" or "SRP") has adopted this Dispute Resolution Policy and Procedure for itself and all of its employees as the exclusive way to resolve employment related disputes. As used in this policy, "You" or "Your" or "Employee" refers to each Employee of SRP.

#### THIS DISPUTE RESOLUTION POLICY AFFECTS YOUR RIGHTS AS A NEWLY HIRED OR CONTINUING EMPLOYEE OF THE COMPANY. YOU SHOULD READ THIS ENTIRE POLICY CAREFULLY (OR HAVE ANOTHER PERSON READ IT TO YOU IF YOU CANNOT READ IT).

#### Agreement to Arbitrate

The following agreement is not an employment contract; however it is a contract to arbitrate work-related disputes.

…

This policy applies to any claim or dispute arising out of or relating to Employee's hiring by, employment with or separation from SRP or one of its affiliates, subsidiaries or parent corporations or entities, and their successors and assigns. Except as it otherwise provides, this policy requires all such claims or disputes that have not otherwise been resolved internally within the Company to be resolved only by a neutral arbitrator through final and binding arbitration and not in court by way of a court or jury trial. The agreement also applies, without limitation, to claims and disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and meal periods, termination, harassment, discrimination, retaliation, breach of express or implied contracts, negligence, and applies to claims under the common law, tort claims,

claims based on contract, constitutional claims under the state and federal constitutions, and statutory claims under state and federal law including claims arising under the Uniform Trade Secrets Act, Section 1981 of the Civil Rights Act of 1866, the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Employee Retirement Income Security Act, the Health Insurance Portability and Accountability Act, the Uniformed Services Employment and Reemployment Act, the Worker Adjustment and Retraining Notification Act, the Occupational and Safety Health Act of 1970, the Equal Pay Act, the Portal to Portal Act, and state statutes, if any, addressing the same or similar subject matters, and all other state and federal statutory, regulatory, contractual and common law claims relating or applicable to the employment relationship or to the terms or conditions of employment (excluding workers' compensation benefits claims, unemployment insurance claims, state or federal disability insurance claims, and claims under any other valid statute or law that expressly precludes arbitration of such claims).

**THE COMPANY AND YOU UNDERSTAND AND AGREE THAT ARBITRATION OF THE DISPUTES AND CLAIMS COVERED BY THIS POLICY SHALL BE THE SOLE AND EXCLUSIVE METHOD OF RESOLVING ANY AND ALL EXISTING AND FUTURE DISPUTES OR CLAIMS ARISING BY AND BETWEEN THE COMPANY AND YOU.**

(Exhibit A, p. 1, emphasis in original).

8.      The Arbitration Agreement expressly states that all claims covered by the Arbitration Agreement must be brought on an individual basis and not as class or collective action arbitrations:

This binding arbitration agreement shall not be construed to allow or permit the consolidation or joinder of other claims or controversies involving any other employees, or permit such claims or controversies to proceed as a class action, collective action, private attorney general action or any similar representative action.  No arbitrator shall have the authority under this agreement to order any such class or representative action. By signing this agreement, I am agreeing to waive any substantive or procedural rights that I may have to bring an action on a class, collective, private attorney general, representative or other similar basis.

(Exhibit A, p. 1).

9.      The Arbitration Agreement, by its express terms, is "governed by and is entered into pursuant to the Federal Arbitration Act."  (Exhibit A, p. 2).

10.     The Arbitration Agreement expressly states that it "is a condition of employment and binding on [Plaintiffs] and SRP." (Exhibit A, p. 3).

11.     Angela Littlejohn, who worked for SRP as an Assistant Manager from November 2013 until August 1, 2014, executed a copy of the Arbitration Agreement on May 5, 2014.  A true and correct copy of Littlejohn's executed Arbitration Agreement is attached as Exhibit B.

12.     Sas Stein, who worked for SRP as a Designated General Manager from October 2015 until January 31, 2016 and then as an Assistant Manager for a two week period of time in February 2016, executed a copy of the Arbitration Agreement on October 12, 2015.  A true and correct copy of Stein's executed Arbitration Agreement is attached as Exhibit C.

13.     On March 21, 2017, Littlejohn and Stein each submitted a Demand for Arbitration through the AAA consistent with the Arbitration Agreement.

14.     On April 3, 2017, SRP received a letter from the AAA requesting that SRP pay its portion of the filing fee ($3,000 total—$1,500 each for Stein and Littlejohn) by April 14, 2017. On April 21, 2017, SRP received an e-mail from the AAA asking SRP to "please remit the balance of the filing fee by Wednesday, April 26, 2017." A copy of the AAA's email is attached as Exhibit D.

15.     On April 25, 2017, SRP remitted two checks (Check Nos. 045356 and 045357) via U.S. Mail to the AAA, each check totaling $1,500, to pay SRP's portion of the filling fee.


I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 12, 2017, in Sunrise, Florida.

Claudia Rodriguez

4

# EXHIBIT A

## Sunshine Restaurant Merger Sub, LLC.

### DISPUTE RESOLUTION POLICY AND PROCEDURE

**Agreement to Use Procedure**

1. As an expeditious and economical way to settle employment disputes without the need to go through the courts, Sunshine Restaurant Merger Sub, LLC. (together with its affiliates, subsidiaries or parent corporations or entities, and their successors and assigns) (hereinafter referred to collectively as "the Company" or "SRP") has adopted this Dispute Resolution Policy and Procedure for itself and all of its employees as the exclusive way to resolve employment related disputes. As used in this policy, "You" or "Your" or "Employee" refers to each Employee of SRP.

**THIS DISPUTE RESOLUTION POLICY AFFECTS YOUR RIGHTS AS A NEWLY HIRED OR CONTINUING EMPLOYEE OF THE COMPANY. YOU SHOULD READ THIS ENTIRE POLICY CAREFULLY (OR HAVE ANOTHER PERSON READ IT TO YOU IF YOU CANNOT READ IT).**

**Agreement to Arbitrate**

2. The following agreement is not an employment contract; however it is a contract to arbitrate work-related disputes. This binding arbitration agreement shall not be construed to allow or permit the consolidation or joinder of other claims or controversies involving any other employees, or permit such claims or controversies to proceed as a class action, collective action, private attorney general action or any similar representative action. No arbitrator shall have the authority under this agreement to order any such class or representative action. By signing this agreement, I am agreeing to waive any substantive or procedural rights that I may have to bring an action on a class, collective, private attorney general, representative or other similar basis.

This policy applies to any claim or dispute arising out of or relating to Employee's hiring by, employment with or separation from SRP or one of its affiliates, subsidiaries or parent corporations or entities, and their successors and assigns. Except as it otherwise provides, this policy requires all such claims or disputes that have not otherwise been resolved internally within the Company to be resolved only by a neutral arbitrator through final and binding arbitration and not in court by way of a court or jury trial. The agreement also applies, without limitation, to claims and disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and meal periods, termination, harassment, discrimination, retaliation, breach of express or implied contracts, negligence, and applies to claims under the common law, tort claims, claims based on contract, constitutional claims under the state and federal constitutions, and statutory claims under state and federal law including claims arising under the Uniform Trade Secrets Act, Section 1981 of the Civil Rights Act of 1866, the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Employee Retirement Income Security Act, the Health Insurance Portability and Accountability Act, the Uniformed Services Employment and Reemployment Act, the Worker Adjustment and Retraining Notification Act, the Occupational and Safety Health Act of 1970, the Equal Pay Act, the Portal to Portal Act, and state statutes, if any, addressing the same or similar subject matters, and all other state and federal statutory, regulatory, contractual and common law claims relating or applicable to the employment relationship or to the terms or conditions of employment (excluding workers' compensation benefits claims, unemployment insurance claims, state or federal disability insurance claims, and claims under any other valid statute or law that expressly precludes arbitration of such claims).

**THE COMPANY AND YOU UNDERSTAND AND AGREE THAT ARBITRATION OF THE DISPUTES AND CLAIMS COVERED BY THIS POLICY SHALL BE THE SOLE AND EXCLUSIVE METHOD OF RESOLVING ANY AND ALL EXISTING AND FUTURE DISPUTES OR CLAIMS ARISING BY AND BETWEEN THE COMPANY AND YOU.**

**By initials affixed hereto the signatories confirm their specific agreement to this clause agreeing to arbitrate. Employee initial here:_____ Company initial here:_____**

3. Nothing in this policy should be interpreted as restricting or prohibiting you from filing a charge or complaint with a federal, state, or local governmental or administrative agency charged with investigating and/or prosecuting charges or complaints under any applicable federal, state or municipal law or regulation. Claims or disputes arising under any law that permits resort to an administrative or governmental agency notwithstanding an agreement to arbitrate those claims may be brought before that agency as permitted by applicable law,

including, without limitation, claims or charges brought before the National Labor Relations Board, the U.S. Equal Employment Opportunity Commission, the United States Department of Labor, and state and/or federal governmental entities responsible for enforcement of workers' compensation and/or disability insurance laws. This agreement does not preclude the filing of a charge with the Equal Employment Opportunity Commission or other Federal agencies, but the parties waive any right to any recovery of damages in such agency action and the dispute underlying such charge shall be arbitrated. A party need not file a charge or complaint with any agency as a prerequisite to initiating arbitration under this agreement.

4.  There shall be one arbitrator, and the arbitration shall be conducted through the Employment Arbitration Rules of the American Arbitration Association.  The parties agree that this Agreement is governed by and is entered into pursuant to the Federal Arbitration Act. A demand for arbitration must be in writing and delivered by hand or first class mail to the other party within the applicable statute of limitations. All disputes must be brought under this agreement within the applicable limitations period for filing a lawsuit or agency claim beginning with the event or occurrence giving rise to the Dispute; if no claim is timely brought, that Dispute is waived and barred forever, and no action or suit may be brought in any court or other forum  If any party attempts to bring an untimely Dispute, that party shall reimburse the other party for all expenses, including attorney's fees  incurred in responding to such untimely Dispute.

5.  A neutral arbitrator shall be selected by mutual agreement of the parties from the then-available arbitrators associated with the AAA, and the arbitrator should be an experienced lawyer who has extensive experience in employment law matters. If the parties shall fail to select a mutually acceptable arbitrator, either party may apply to a court of competent jurisdiction for appointment of a neutral arbitrator. The individual acknowledges that this agreement is not intended to interfere with his or her rights to collectively bargain, to engage in protected, concerted activity, or to exercise other rights protected under the National Labor Relations Act, and an employee will not be subject to disciplinary action of any kind for opposing the arbitration provisions of this agreement.

6.  In arbitration, the discovery process will be governed in accordance with "AAA Commercial Rules".

7.  The costs of arbitration, including the arbitrator's fees, shall be allocated and paid in accordance with then-applicable federal law. If required by applicable federal law, SRP shall pay all of the arbitrator's fees and the arbitration-related costs. If, however, under applicable law, SRP is not required to pay all of the arbitrator's fees and/or the arbitration-related costs, such fees and costs will be apportioned between the parties by the arbitrator in accordance with applicable federal  law and, if applicable federal law is silent on this issue, such arbitration fees and costs shall be allocated equally between SRP and the Employee.

8.  SRP  and the Employee shall each pay their own attorneys' fees and costs incurred in connection with the arbitration, and the arbitrator shall not have authority to award attorneys' fees or costs unless a statute or contract at issue in the claim or dispute expressly authorizes the award of reasonable attorneys' fees to the prevailing party, in which case the arbitrator shall have the authority to make an award of reasonable attorneys' fees and costs in accordance with applicable federal law. If there is a dispute as to whether SRP or the Employee is the prevailing party in the arbitration, the arbitrator will decide this issue.

9.  The location of the arbitration proceeding shall be in the general geographical vicinity of the place where the Employee last worked for SRP, unless each party to the arbitration agrees in writing otherwise. However, the arbitrator shall make liberal use of available methods of telecommunications to reduce the parties' expenses relating to attendance at hearings or other proceedings in connection with the arbitration.

10. All decisions of the arbitrator shall be final, binding and conclusive on the parties and shall constitute the only method of resolving disputes or matters subject to arbitration pursuant to this Dispute Resolution Policy and Procedure and Agreement to Arbitrate. The arbitrator or a court of appropriate jurisdiction may issue a writ of execution to enforce the arbitrator's judgment. Judgment may be entered upon such a decision in accordance with applicable law in any court having jurisdiction thereof.

11. Nothing in this policy shall prohibit the Employee or SRP  from seeking temporary injunctive or other provisional remedies in court as needed prior to or in furtherance of the appointment of an Arbitrator, including temporary restraining orders, preliminary injunctions and other provisional remedies pursuant to applicable state and/or federal law.

**Severability**

12. SRP  and You understand and agree that if any term or portion of this policy shall, for any reason, be held to be invalid or unenforceable or to be contrary to public policy or any law, then the remainder of this policy shall not be affected by such invalidity or unenforceability but shall remain in full force and effect, as if the invalid or unenforceable term or portion thereof had not existed within this Policy.

**Complete Agreement**

13. This Agreement is the full and complete agreement relating to the formal resolution of employment-related disputes between Employee and SRP.

**Knowing Acceptance of Policy / Agreement**

14. This policy is a condition of employment and binding on Employee and SRP.

**Changes**

15. SRP may modify, supplement, amend, or terminate this Dispute Resolution Policy and Procedure and Agreement to Arbitrate only upon thirty days' advance written notice to employees. Such modifications, supplementations, amendments, or terminations will not be retroactive, will not change the policy and procedure as it relates to a dispute in progress, and will not apply to any claims or disputes that are already the subject of an arbitration demand.

**Choice of Law**

16. In any dispute in which Federal law exists relative to the dispute, Federal law shall be applied. Otherwise, the substantive law of the State of Florida shall be applied..


**By signing below, I hereby acknowledge that I have read the Dispute Resolution Policy and Procedure and Agreement to Arbitrate and that I have had the opportunity to discuss its terms and to consult with counsel if I choose to do so.  I further understand and agree that I and SRP are waiving and have waived all rights to a trial or hearing before a court or jury for all disputes and claims that are subject to arbitration under this Agreement and that I and SRP  are agreeing, and have agreed, to submit all such claims and disputes to binding arbitration. It is intended that this Dispute Resolution Policy and Procedure and Agreement to Arbitrate shall at all times apply to SRP and to me after its effective date of  April 25, 2014.**


Executed this _____ day of _____, 20_____.


_____          _____          _____
Employee's Signature                                         Employee's Name (print)                                 Employee's Initials


_____          _____          _____
Manager's Signature                                          Manager's Name (print)                                   Manager's Initials

# EXHIBIT B



**SUNSHINE RESTAURANT PARTNERS**

Sunshine Restaurant Partners, LLC
13650 NW 8 Street, Suite 103 | Sunrise, FL 33325
Phone: 954-618-6300      Fax: 954-618-6472

# MEMO

**TO:**      All Employees      *Ongies Littlejohn*

**FROM:**   Claudia Rodriguez, Director of Human Resources

**DATE:**   April 25, 2014

**SUBJECT:**   Dispute Resolution Policy and Procedure

Dear Team Member,

The following policy is being implemented, effective immediately, as the exclusive method of resolving all employment related disputes without involving the court system.

**What is an Arbitration Agreement?**
It is a mutual agreement between the employee and its employer to have disputes resolved by an arbitrator, rather than a judge or a jury.

**How Does Arbitration Work?**
If an employment dispute arises, the employee must notify the Company in writing of the issue at hand and the request to mediate the concern.  If the concern cannot be resolved via internal avenues, the employee and the employer will then mutually agree in the selection of an Arbitrator who will then handle the case.

**What is the Arbitrator's Responsibility?**
The Arbitrator is a neutral party, usually a retired employment attorney or judge, who will review the merits of the case and will make a binding decision as to the resolution of the dispute.  The arbitrator's findings will be solely based on matter of law and the facts presented.  All decisions are binding.

**Do I have to Sign the Agreement?**
Yes, the policy is effective immediately and is a condition of employment.  You will have 10 business days to execute this agreement, this will provide you the opportunity to consult an attorney in this regard or reach out to Human Resources for further details.  For inquiries in this regard, please send an e-mail to Claudia Rodriguez, Director of Human Resources at crodriguez@srpihop.com.  Please allow 2-3 business days for a response.

**Can I refuse to Sign it?**
This policy is a condition of employment, refusal to sign will result in a rescission of an employment offer.

*By signing below, I acknowledge I have been provided with a copy of the complete policy and have been given 10 business days to review and execute the same.*

*Angela Littlejohn*                              5-5-14

Employee Name          Employee Signature          Date

## Sunshine Restaurant Merger Sub, LLC.

### DISPUTE RESOLUTION POLICY AND PROCEDURE

#### Agreement to Use Procedure

1. As an expeditious and economical way to settle employment disputes without the need to go through the courts, Sunshine Restaurant Merger Sub, LLC. (together with its affiliates, subsidiaries or parent corporations or entities, and their successors and assigns) (hereinafter referred to collectively as "the Company" or "SRP") has adopted this Dispute Resolution Policy and Procedure for itself and all of its employees as the exclusive way to resolve employment related disputes. As used in this policy, "You" or "Your" or "Employee" refers to each Employee of SRP.

**THIS DISPUTE RESOLUTION POLICY AFFECTS YOUR RIGHTS AS A NEWLY HIRED OR CONTINUING EMPLOYEE OF THE COMPANY. YOU SHOULD READ THIS ENTIRE POLICY CAREFULLY (OR HAVE ANOTHER PERSON READ IT TO YOU IF YOU CANNOT READ IT).**

#### Agreement to Arbitrate

2. The following agreement is not an employment contract; however it is a contract to arbitrate work-related disputes. This binding arbitration agreement shall not be construed to allow or permit the consolidation or joinder of other claims or controversies involving any other employees, or permit such claims or controversies to proceed as a class action, collective action, private attorney general action or any similar representative action. No arbitrator shall have the authority under this agreement to order any such class or representative action. By signing this agreement, I am agreeing to waive any substantive or procedural rights that I may have to bring an action on a class, collective, private attorney general, representative or other similar basis.

This policy applies to any claim or dispute arising out of or relating to Employee's hiring by, employment with or separation from SRP or one of its affiliates, subsidiaries or parent corporations or entities, and their successors and assigns. Except as it otherwise provides, this policy requires all such claims or disputes that have not otherwise been resolved internally within the Company to be resolved only by a neutral arbitrator through final and binding arbitration and not in court by way of a court or jury trial. The agreement also applies, without limitation, to claims and disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and meal periods, termination, harassment, discrimination, retaliation, breach of express or implied contracts, negligence, on-the-job injuries, and applies to claims under the common law, tort claims, claims based on contract, constitutional claims under the state and federal constitutions, and statutory claims under state and federal law including claims arising under the Uniform Trade Secrets Act, Section 1981 of the Civil Rights Act of 1866, the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Employee Retirement Income Security Act, the Health Insurance Portability and Accountability Act, the Uniformed Services Employment and Reemployment Act, the Worker Adjustment and Retraining Notification Act, the Occupational and Safety Health Act of 1970, the Equal Pay Act, the Portal to Portal Act, and state statutes, if any, addressing the same or similar subject matters, and all other state and federal statutory, regulatory, contractual and common law claims relating or applicable to the employment relationship or to the terms or conditions of employment (excluding workers' compensation benefits claims, unemployment insurance claims, state or federal disability insurance claims, and claims under any other valid statute or law that expressly precludes arbitration of such claims).

**THE COMPANY AND YOU UNDERSTAND AND AGREE THAT ARBITRATION OF THE DISPUTES AND CLAIMS COVERED BY THIS POLICY SHALL BE THE SOLE AND EXCLUSIVE METHOD OF RESOLVING ANY AND ALL EXISTING AND FUTURE DISPUTES OR CLAIMS ARISING BY AND BETWEEN THE COMPANY AND YOU.**

By initials affixed hereto the signatories confirm their specific agreement to this clause agreeing to arbitrate. Employee initial here: ___   Company initial here: ___

3. Nothing in this policy should be interpreted as restricting or prohibiting you from filing a charge or complaint with a federal, state, or local governmental or administrative agency charged with investigating and/or prosecuting charges or complaints under any applicable federal, state or municipal law or regulation. Claims or disputes arising under any law that permits resort to an administrative or governmental agency notwithstanding an agreement to arbitrate those claims may be brought before that agency as permitted by applicable law,

1

including, without limitation, claims or charges brought before the National Labor Relations Board, the U.S. Equal Employment Opportunity Commission, the United States Department of Labor, and state and/or federal governmental entities responsible for enforcement of workers' compensation and/or disability insurance laws. This agreement does not preclude the filing of a charge with the Equal Employment Opportunity Commission or other Federal agencies, but the parties waive any right to any recovery of damages in such agency action and the dispute underlying such charge shall be arbitrated. A party need not file a charge or complaint with any agency as a prerequisite to initiating arbitration under this agreement.

4. There shall be one arbitrator, and the arbitration shall be conducted through the Employment Arbitration Rules of the American Arbitration Association.  The parties agree that this Agreement is governed by and is entered into pursuant to the Federal Arbitration Act. A demand for arbitration must be in writing and delivered by hand or first class mail to the other party within the applicable statute of limitations. All disputes must be brought under this agreement within the applicable limitations period for filing a lawsuit or agency claim beginning with the event or occurrence giving rise to the Dispute; if no claim is timely brought, that Dispute is waived and barred forever, and no action or suit may be brought in any court or other forum  If any party attempts to bring an untimely Dispute, that party shall reimburse the other party for all expenses, including attorney's fees  incurred in responding to such untimely Dispute.

5. A neutral arbitrator shall be selected by mutual agreement of the parties from the then-available arbitrators associated with the AAA, and the arbitrator should be an experienced lawyer who has extensive experience in employment law matters. If the parties shall fail to select a mutually acceptable arbitrator, either party may apply to a court of competent jurisdiction for appointment of a neutral arbitrator. The individual acknowledges that this agreement is not intended to interfere with his or her rights to collectively bargain, to engage in protected, concerted  activity, or to exercise other rights protected under the National Labor Relations Act, and an employee will not be subject to disciplinary action of any kind for opposing the arbitration provisions of this agreement.

6. In arbitration, the discovery process will be governed in accordance with "AAA Commercial Rules".

7. The costs of arbitration, including the arbitrator's fees, shall be allocated and paid in accordance with then-applicable federal law. If required by applicable federal law, SRP shall pay all of the arbitrator's fees and the arbitration-related costs. If, however, under applicable law, SRP is not required to pay all of the arbitrator's fees and/or the arbitration-related costs, such fees and costs will be apportioned between the parties by the arbitrator in accordance with applicable federal  law and, if applicable federal law is silent on this issue, such arbitration fees and costs shall be allocated equally between SRP and the Employee.

8. SRP  and the Employee shall each pay their own attorneys' fees and costs incurred in connection with the arbitration, and the arbitrator shall not have authority to award attorneys' fees or costs unless a statute or contract at issue in the claim or dispute expressly authorizes the award of reasonable attorneys' fees to the prevailing party, in which case the arbitrator shall have the authority to make an award of reasonable attorneys' fees and costs in accordance with applicable federal law. If there is a dispute as to whether SRP or the Employee is the prevailing party in the arbitration, the arbitrator will decide this issue.

9. The location of the arbitration proceeding shall be in the general geographical vicinity of the place where the Employee last worked for SRP, unless each party to the arbitration agrees in writing otherwise. However, the arbitrator shall make liberal use of available methods of telecommunications to reduce the parties' expenses relating to attendance at hearings or other proceedings in connection with the arbitration.

10. All decisions of the arbitrator shall be final, binding and conclusive on the parties and shall constitute the only method of resolving disputes or matters subject to arbitration pursuant to this Dispute Resolution Policy and Procedure and Agreement to Arbitrate. The arbitrator or a court of appropriate jurisdiction may issue a writ of execution to enforce the arbitrator's judgment. Judgment may be entered upon such a decision in accordance with applicable law in any court having jurisdiction thereof.

11. Nothing in this policy shall prohibit the Employee or SRP  from seeking temporary injunctive or other provisional remedies in court as needed prior to or in furtherance of the appointment of an Arbitrator, including temporary restraining orders, preliminary injunctions and other provisional remedies pursuant to applicable state and/or federal law.

**Severability**

12. SRP and You understand and agree that if any term or portion of this policy shall, for any reason, be held to be invalid or unenforceable or to be contrary to public policy or any law, then the remainder of this policy shall not be affected by such invalidity or unenforceability but shall remain in full force and effect, as if the invalid or unenforceable term or portion thereof had not existed within this Policy.

**Complete Agreement**

13. This Agreement is the full and complete agreement relating to the formal resolution of employment-related disputes between Employee and SRP.

**Knowing Acceptance of Policy / Agreement**

14. This policy is a condition of employment and binding on Employee and SRP.

**Changes**

15. SRP may modify, supplement, amend, or terminate this Dispute Resolution Policy and Procedure and Agreement to Arbitrate only upon thirty days' advance written notice to employees. Such modifications, supplementations, amendments, or terminations will not be retroactive, will not change the policy and procedure as it relates to a dispute in progress, and will not apply to any claims or disputes that are already the subject of an arbitration demand.

**Choice of Law**

16. In any dispute in which Federal law exists relative to the dispute, Federal law shall be applied. Otherwise, the substantive law of the State of Florida shall be applied..

By signing below, I hereby acknowledge that I have read the Dispute Resolution Policy and Procedure and Agreement to Arbitrate and that I have had the opportunity to discuss its terms and to consult with counsel if I choose to do so. I further understand and agree that I and SRP are waiving and have waived all rights to a trial or hearing before a court or jury for all disputes and claims that are subject to arbitration under this Agreement and that I and SRP are agreeing, and have agreed, to submit all such claims and disputes to binding arbitration. It is intended that this Dispute Resolution Policy and Procedure and Agreement to Arbitrate shall at all times apply to SRP and to me after its effective date of _____5-5_____, 2014

Executed this _Simi_ day of ____mAr____, 20 _14_.

| | | |
|---|---|---|
| Employee's Signature | Employee's Name (print) | Employee's Initials |
| Manager's Signature | Manager's Name (print) | Manager's Initials |

3

# EXHIBIT C

Sunshine Restaurant Partners

# DISPUTE RESOLUTION POLICY AND PROCEDURE

## Agreement to Use Procedure

As an expeditious and economical way to settle employment disputes without the need to go through the courts, Sunshine Restaurant Merger Sub, LLC. (together with its affiliates, subsidiaries or parent corporations or entities, and their successors and assigns) (hereinafter referred to collectively as "the Company" or "SRP") has adopted this Dispute Resolution Policy and Procedure for itself and all of its employees as the exclusive way to resolve employment related disputes. As used in this policy, "You" or "Your" or "Employee" refers to each Employee of SRP.

THIS DISPUTE RESOLUTION POLICY AFFECTS YOUR RIGHTS AS A NEWLY HIRED OR CONTINUING EMPLOYEE OF THE COMPANY. YOU SHOULD READ THIS ENTIRE POLICY CAREFULLY (OR HAVE ANOTHER PERSON READ IT TO YOU IF YOU CANNOT READ IT).

## Agreement to Arbitrate

The following agreement is not an employment contract; however it is a contract to arbitrate work-related disputes. This binding arbitration agreement shall not be construed to allow or permit the consolidation or joinder of other claims or controversies involving any other employees, or permit such claims or controversies to proceed as a class action, collective action, private attorney general action or any similar representative action. No arbitrator shall have the authority under this agreement to order any such class or representative action. By signing this agreement, I am agreeing to waive any substantive or procedural rights that I may have to bring an action on a class, collective, private attorney general, representative or other similar basis.

This policy applies to any claim or dispute arising out of or relating to Employee's hiring by, employment with or separation from SRP or one of its affiliates, subsidiaries or parent corporations or entities, and their successors and assigns. Except as it otherwise provides, this policy requires all such claims or disputes that have not otherwise been resolved internally within the Company to be resolved only by a neutral arbitrator through final and binding arbitration and not in court by

way of a court or jury trial. The agreement also applies, without limitation, to claims and disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and meal periods, termination, harassment, discrimination, retaliation, breach of express or implied contracts, negligence, and applies to claims under the common law, tort claims, claims based on contract, constitutional claims under the state and federal constitutions, and statutory claims under state and federal law including claims arising under the Uniform Trade Secrets Act, Section 1981 of the Civil Rights Act of 1866, the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Employee Retirement Income Security Act, the Health Insurance Portability and Accountability Act, the Uniformed Services Employment and Reemployment Act, the Worker Adjustment and Retraining Notification Act, the Occupational and Safety Health Act of 1970, the Equal Pay Act, the Portal to Portal Act, and state statutes, if any, addressing the same or similar subject matters, and all other state and federal statutory, regulatory, contractual and common law claims relating or applicable to the employment relationship or to the terms or conditions of employment (excluding workers' compensation benefits claims, unemployment insurance claims, state or federal disability insurance claims, and claims under any other valid statute or law that expressly precludes arbitration of such claims).

THE COMPANY AND YOU UNDERSTAND AND AGREE THAT ARBITRATION OF THE DISPUTES AND CLAIMS COVERED BY THIS POLICY SHALL BE THE SOLE AND EXCLUSIVE METHOD OF RESOLVING ANY AND ALL EXISTING AND FUTURE DISPUTES OR CLAIMS ARISING BY AND BETWEEN THE COMPANY AND YOU.

## By initials affixed hereto the signatories confirm their specific agreement to this clause agreeing to arbitrate.

| Employee Initials: | Manager Initials: |
|---|---|
| ss | GG |

Nothing in this policy should be interpreted as restricting or prohibiting you from filing a **charge or complaint with a federal, state, or local governmental or administrative agency** charged with investigating and/or prosecuting charges or complaints under any applicable federal, state or municipal law or regulation. Claims or disputes arising under any law that permits resort to an administrative or governmental agency notwithstanding an agreement to arbitrate those claims may be brought before that agency as permitted by applicable law, including, without limitation, claims or charges brought before the National Labor Relations Board, the U.S. Equal Employment Opportunity Commission, the United States Department of Labor, and state and/or federal governmental entities responsible for enforcement

of workers' compensation and/or disability insurance laws. This agreement does not preclude the filing of a charge with the Equal Employment Opportunity Commission or other Federal agencies, but the parties waive any right to any recovery of damages in such agency action and the dispute underlying such charge shall be arbitrated. A party need not file a charge or complaint with any agency as a prerequisite to initiating arbitration under this agreement.

There shall be one arbitrator, and the arbitration shall be conducted through the Employment Arbitration Rules of the American Arbitration Association. The parties agree that this Agreement is governed by and is entered into pursuant to the Federal Arbitration Act. A demand for arbitration must be in writing and delivered by hand or first class mail to the other party within the applicable statute of limitations. All disputes must be brought under this agreement within the applicable limitations period for filing a lawsuit or agency claim beginning with the event or occurrence giving rise to the Dispute; if no claim is timely brought, that Dispute is waived and barred forever, and no action or suit may be brought in any court or other forum If any party attempts to bring an untimely Dispute, that party shall reimburse the other party for all expenses, including attorney's fees incurred in responding to such untimely Dispute.

A neutral arbitrator shall be selected by mutual agreement of the parties from the then- available arbitrators then-available arbitrators associated with the AAA, and the arbitrator should be an experienced lawyer who has extensive experience in employment law matters. If the parties shall fail to select a mutually acceptable arbitrator, either party may apply to a court of competent jurisdiction for appointment of a neutral arbitrator. The individual acknowledges that this agreement is not intended to interfere with his or her rights to collectively bargain, to engage in protected, concerted activity, or to exercise other rights protected under the National Labor Relations Act, and an employee will not be subject to disciplinary action of any kind for opposing the arbitration provisions of this agreement.

In arbitration, the discovery process will be governed in accordance with "AAA Commercial Rules".

The costs of arbitration, including the arbitrator's fees, shall be allocated and paid in accordance with then-applicable federal law. If required by applicable federal law, SRP shall pay all of the arbitrator's fees and the arbitration-related costs. If, however, under applicable law, SRP is not required to pay all of the arbitrator's fees and/or the arbitration-related costs, such fees and costs will be apportioned between the parties by the arbitrator in accordance with applicable federal law and, if applicable federal law is silent on this issue, such arbitration fees and costs shall be allocated equally between SRP and the Employee.

SRP and the Employee shall each pay their own attorneys' fees and costs incurred in connection with the arbitration, and the arbitrator shall not have authority to award attorneys' fees or costs unless a statute or contract at issue in the claim or dispute expressly authorizes the award of reasonable attorneys' fees to the prevailing party, in which case the arbitrator shall have the authority to make an award of reasonable attorneys' fees and costs in accordance with applicable

federal law. If there is a dispute as to whether SRP or the Employee is the prevailing party in the arbitration, the arbitrator will decide this issue.

The location of the arbitration proceeding shall be in the general geographical vicinity of the place where the Employee last worked for SRP, unless each party to the arbitration agrees in writing otherwise. However, the arbitrator shall make liberal use of available methods of telecommunications to reduce the parties' expenses relating to attendance at hearings or other proceedings in connection with the arbitration.

All decisions of the arbitrator shall be final, binding and conclusive on the parties and shall constitute the only method of resolving disputes or matters subject to arbitration pursuant to this Dispute Resolution Policy and Procedure and Agreement to Arbitrate. The arbitrator or a court of appropriate jurisdiction may issue a writ of execution to enforce the arbitrator's judgment. Judgment may be entered upon such a decision in accordance with applicable law in any court having jurisdiction thereof.

Nothing in this policy shall prohibit the Employee or SRP from seeking temporary injunctive or other provisional remedies in court as needed prior to or in furtherance of the appointment of an Arbitrator, including temporary restraining orders, preliminary injunctions and other provisional remedies pursuant to applicable state and/or federal law.

# Severability

SRP and You understand and agree that if any term or portion of this policy shall, for any reason, be held to be invalid or unenforceable or to be contrary to public policy or any law, then the remainder of this policy shall not be affected by such invalidity or unenforceability but shall remain in full force and effect, as if the invalid or unenforceable term or portion thereof had not existed within this Policy.

# Complete Agreement

This Agreement is the full and complete agreement relating to the formal resolution of employment-related disputes between Employee and SRP.

# Knowing Acceptance of Policy / Agreement

This policy is a condition of employment and binding on Employee and SRP

# Changes

SRP may modify, supplement, amend, or terminate this Dispute Resolution Policy and Procedure and Agreement to Arbitrate only upon thirty days' advance written notice to employees. Such modifications, supplementations, amendments, or terminations will not be retroactive, will not change the policy and procedure as it relates to a dispute in progress, and will not apply to any claims or disputes that are already the subject of an arbitration demand.

# Choice of Law

In any dispute in which Federal law exists relative to the dispute, Federal law shall be applied. Otherwise, the substantive law of the State of Florida shall be applied.

**By signing below, I hereby acknowledge that I have read the Dispute Resolution Policy and Procedure and Agreement to Arbitrate and that I have had the opportunity to discuss its terms and to consult with counsel if I choose to do so. I further understand and agree that I and SRP are waiving and have waived all rights to a trial or hearing before a court or jury for all disputes and claims that are subject to arbitration under this Agreement and that I and SRP are agreeing, and have agreed, to submit all such claims and disputes to binding arbitration. It is intended that this Dispute Resolution Policy and Procedure and Agreement to Arbitrate shall at all times apply to SRP and to me after its effective date** sas stein .

Digitally Signed By: Sas Stein
Date: Oct-12-2015 2:10:18 PM EDT
_____     10/12/2015
Employee Signature                     Date

Digitally Signed By: Gary Green
Date: Oct-12-2015 4:45:47 PM EDT
_____     10/12/2015
Manager Signature                      Date

# EXHIBIT D

| | |
|---|---|
| **From:** | Employment Filing Team <EmploymentFiling@adr.org> |
| **Sent:** | Friday, April 21, 2017 11:18 AM |
| **To:** | aquiles@shavitzlaw.com; Knox, Ken; gshavitz@shavitzlaw.com |
| **Subject:** | RE: Sas Stein V. Sunshine Restaurant Merger Sub, LLC and Sunshine - Case 01-17-0001-6600 |
| **Attachments:** | INK015.pdf; AAA Credit Card Authorization.pdf |

Good Afternoon,

We still have not received the employer's portion of the filing fee for the above case. Please see the attached for further details. Please remit the balance of the filing fee by Wednesday, April 26, 2017. You may return the completed credit card authorization form to this address should you choose this method to remit payment.

Thank you



**Employment Filing Team**

American Arbitration Association

T: 856 679 4610  E: EmploymentFiling@adr.org
1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Employmentfiling@adr.org [mailto:Employmentfiling@adr.org]
**Sent:** Monday, April 03, 2017 5:55 PM
**To:** aquiles@shavitzlaw.com; kknox@fisherphillips.com; gshavitz@shavitzlaw.com
**Subject:** Sas Stein V. Sunshine Restaurant Merger Sub, LLC and Sunshine - Case 01-17-0001-6600

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.

**Employment Filing Team**

T: 856 679 4610  E: EmploymentFiling@adr.org
1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043

 

# CREDIT CARD AUTHORIZATION

The information below must be completed in order to process your payment.

For new filings:  Email this form with a copy of your demand to:  casefiling@adr.org
If you wish to file by fax, please send to:  877-304-8457
If you have already been contacted by Case Filing Services, you can enter your case number below and a copy of the demand is not required.

**PARTY NAMES or Case Number (if known):** _____

_____

**TOTAL AMOUNT TO BE CHARGED:** $ _____

---

## CARD HOLDER INFORMATION

VISA        MASTERCARD        AMERICAN EXPRESS

CARD NUMBER: _____  EXPIRATION DATE: _____/ _____   CCV#: _____

NAME ON CARD: (Please Print) _____

CARDHOLDER'S ADDRESS: _____  CITY AND STATE: _____

_____  ZIP CODE: _____

_____        _____        _____
**AUTHORIZED CARDHOLDER'S SIGNATURE**                **PRINTED NAME**                **DATE**

---

_____        Phone number associated with this card

_____        Email address (a receipt will be sent to this address)



AMERICAN
ARBITRATION
ASSOCIATION®  |  INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043
Telephone: (856)435-6401

April 3, 2017

Gregg I. Shavitz, Esq.
Shavitz Law Group, PA
1515 South Federal Highway
Suite 404
Boca Raton, FL 33432
Via Email to: gshavitz@shavitzlaw.com

Kenneth Knox, Esq.
Fisher & Phillips LLP
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, FL 33301
Via Email to: kknox@fisherphillips.com

Case Number: 01-17-0001-6554

Angela Littlejohn
-vs-
Sunshine Restaurant Merger Sub, LLC and
Sunshine Restaurant Partners, LLC d/b/a IHOP

Dear Counsel for Respondent:

Referring to the AAA's letter dated March 21, 2017, we have not yet received the requested payment from
respondent representing their portion of the filing fee. Respondent is requested to remit payment in the amount of
$1,500 to the AAA to be received by **April 14, 2017**. Respondent's fee is due regardless of whether the case
settles.

If payment was already sent, please accept our apologies and disregard this letter. If this non-payment is simply an
oversight on respondent's behalf, we trust payment will be made forthwith. If for any reason Respondent will not
be able to timely remit payment, please email us to request an extension.

We hope that this situation does not escalate to this level, but we want you to be aware that it is the policy of the
AAA that if an employer does not comply with our request to pay the requisite administrative fees in accordance
with the employer-promulgated plan fee schedule, the AAA may decline to administer future cases involving that
employer. In addition, the employer may be requested to remove the AAA as the provider organization from their
employment arbitration clauses.

Payment may be made by check, money order or credit card authorization. To pay by credit card, please complete
and submit the attached credit card authorization form. Please make checks/money orders payable to the American
Arbitration Association and direct payments to the address above. Please reference case number 01-17-0001-6554
to ensure that payment is properly applied.

Please email employmentfiling@adr.org if you have any questions and we will be happy to assist you.

Sincerely,

Employment Filing Team
Employmentfiling@adr.org
856-679-4610